UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CADINIA MCCLOUD,

    Plaintiff,

v.                            Case No.:  8:20-cv-1772-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Cadinia McCloud seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.  **Procedural History**

Plaintiff filed an application for supplemental security income benefits on January 29, 2016, alleging disability beginning January 1, 2001. (Tr. 111, 308-314). Plaintiff amended the onset date to the protective filing date of January 29, 2016.

- 4 -

(Tr. 46). The application was denied initially on March 10, 2016, and upon reconsideration on June 7, 2016. (Tr. 111, 128). Plaintiff requested a hearing and on May 23, 2018, a hearing was held before Administrative Law Judge ("ALJ") Amber Downs. (Tr. 76-100). On September 12, 2018, the ALJ entered a decision finding Plaintiff not under a disability since January 29, 2016, the date the application was filed. (Tr. 133-43).

Plaintiff requested review of the hearing decision. On June 17, 2019, the Appeals Council granted review, vacated the prior hearing decision, and remanded the case to the ALJ to further consider certain evidence and resolve an inconsistency concerning Plaintiff's alleged substance use disorder. (Tr. 151-52). On remand, the ALJ was to fully consider all the evidence submitted, give further consideration to Plaintiff's maximum RFC, consider whether Plaintiff's drug addiction or alcoholism were contributing factors if Plaintiff was found disabled, and if warranted, expand the record. (Tr. 152-53).

On December 5, 2019, the ALJ held a second hearing. (Tr. 43-75). On January 3, 2020, she entered a new decision finding Plaintiff not under a disability since January 29, 2016, the date the application was filed. (Tr. 21-34). Plaintiff again requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on June 3, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint

(Doc. 1) filed on July 31, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

**D.     Summary of ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 29, 2016, the application date. (Tr. 23). At step two, the ALJ found that Plaintiff had the following severe impairment: "depression, anxiety disorder, disorder of the back, carpal tunnel syndrome/trigger finger and obesity." (Tr. 24). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 24).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except the claimant can lift and or carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit and/or stand for a period of 6 hours and walk for a period of 6 hours. The claimant can push/pull as much as can lift/carry. The claimant can handle items frequently with the left hand, and she can handle items frequently with the right hand. She is limited to frequent bilateral fingering with the left and right hand. The claimant can frequently climb ramps, stairs, ladders, ropes, or scaffolds. The claimant can frequently balance, stoop, kneel, crouch, and crawl. The claimant can work at unprotected heights frequently, moving mechanical parts frequently and in vibration frequently. The claimant is

> able to perform simple, routine tasks. The claimant is able to perform simple work-related decisions. The claimant can occasionally interact with supervisors, coworkers and the public. The claimant can maintain attention, concentration, persistence and pace in two-hour increments throughout an 8-hour day with normal work breaks.

(Tr. 26).

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 33). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (41 on the application date), education (limited), no work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 33). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) laundry folder, DOT 369.687-018, light, unskilled, SVP 2

(2) inspector/hand packager, DOT 559.687-074, light, unskilled SVP 2

(3) small parts assembler, DOT 706.684-022, light unskilled, SVP 2

(Tr. 34). The ALJ concluded that Plaintiff had not been under a disability since January 29, 2016, the date the application was filed. (Tr. 34).

## II. Analysis

On appeal, Plaintiff raises two related issues: whether the Appeals Council erred by not remanding the claim, and whether the Appeals Council complied with Social Security Ruling 11-1p. (Doc. 21, p. 6).

### A. Whether the Appeals Council erred by not remanding this case

After the ALJ reached her January 3, 2020 decision, Plaintiff submitted additional evidence to the Appeals Council, namely a January 13, 2020 treatment note from Scott Gargasz, M.D. (Doc. 21, p. 6-7). Plaintiff claims that if the ALJ had the opportunity to review this treatment note, the ALJ may have determined Plaintiff's hand pain and stiffness were more severe than noted in the decision. (Doc. 21, p. 7).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). The Appeals Council is not required to give a detailed explanation or further address each piece of new evidence individually. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). Even though the Appeals Council has the discretion not to review an ALJ's denial of benefits, it must consider "'new, material, and chronologically relevant evidence' that the claimant submits" *Id.* (quoting *Ingram*, 496 F.3d at 1261; citing 20 C.F.R. § 404.970(b)). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress*, 883 F.3d 1302 at 1309 (citing 20 C.F.R. §§ 404.970(b),

416.1470(b) (2016)). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Id.* (citing *Washington*, 806 F.3d at 1321). If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Id.*

Here, the Appeals Council denied review, acknowledged that Plaintiff had submitted the January 13, 2020 medical evidence from Dr. Gargasz, but found that "this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (Tr. 2).

The ALJ thoroughly considered Dr. Gargasz's treatment notes from August through September 2019 and gave great weight to his assessment that Plaintiff's work status was full duty/activity. (Tr. 31-32, 841-50). During this period, Dr. Gargasz treated Plaintiff for bilateral pain, tingling, numbness, and stiffness in both hands. (Tr. 31-32, 848). Dr. Gargasz assessed Plaintiff with bilateral carpal tunnel syndrome, certain trigger fingers, radial styloid tenosynovitis, and other synovitis and tenosynovitis. (Tr. 842, 845, 849). These records indicate Plaintiff received injections, which totally relieved the pain. (Tr. 842-843, 846). In all of these records, Dr. Gargasz found Plaintiff's work status was, "Full Duty/Activity." (Tr. 32, 842, 845, 849).

In Dr. Gargasz's January 13, 2020 treatment record submitted to the Appeals Council, Plaintiff had the same complaints as in the records before the ALJ. (Tr. 15).

This visit was a follow up evaluation where Plaintiff was again having issues of pain and stiffness in her hands and requested another injection for her pain as she was pleased with the prior injections. (Tr. 15). Dr. Gargasz again gave Plaintiff an injection. (Tr. 17). And he again found Plaintiff's work status was "Full Duty/Activity." (Tr. 16).

The Appeals Council committed no error in declining the request for review and finding this evidence "does not show a reasonable probability that it would change the outcome of the decision." (Tr. 1-2). This record contains no new, material information and basically mirrors the August and September 2019 treatment notes, which were before the ALJ. Even if the ALJ had access to the January 13, 2020 treatment note, the Court finds that it is not material because it is cumulative of the treatment records before the ALJ and therefore there is no reasonable probability that this evidence would change the outcome of the administrative result. *See Hargress*, 883 F.3d at 1309; *see also* 20 C.F.R. § 416.1470(a)(5); *Sanders v. Soc. Sec. Admin., Comm'r*, 854 F. App'x 311, 315 (11th Cir. 2021) ("Because these records were cumulative of evidence already considered by the ALJ, substantial evidence supports the Appeals Council's determination that no 'reasonable probability' existed that the additional evidence would change the outcome."). The Court finds substantial evidence supports the Appeals Council's determination.

### B.     Whether the Appeals Council failed to comply with SSR 11-1p

Plaintiff argues the Appeals Council erred in failing to comply with SSR 11-1p. Plaintiff claims that if the Appeals Council found that the January 13, 2020 treatment note was not chronologically relevant, it should have returned the evidence and advised Plaintiff that if she made a new application for benefits within 60 days from the date of the Appeals Council's decision, the Social Security Administration would consider the date of the request for review as a protective file date for the new application. (Doc. 21, p. 7). Plaintiff acknowledged that she had filed a new application for benefits on August 5, 2020, it was denied, and is pending appeal but argues that if favorably decided the application date is critical in determining possible entitlement to retroactive benefits. (Doc. 21, p. 7).

SSR 11-1p provides in part:

> If you choose to pursue your disability claim that is pending at the Appeals Council, and you submit additional evidence, the Appeals Council will first determine whether the additional evidence relates to the period on or before the date of the hearing decision. When the additional evidence is new and material and relates to the period on or before the date of the hearing decision, the Appeals Council will consider it, together with the entire record. 20 [C.F.R. §§] 404.970(b), 416.1470(b), and 405.373. The Appeals Council will review your case if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Id.*
>
> If the new and material evidence that relates to the period on or before the date of the hearing decision shows a critical or disabling condition, the Appeals Council will expedite its review of your pending claim.

> When the additional evidence does not relate to the period on or before the date of your hearing decision, the Appeals Council will return the additional evidence to you. 20 [C.F.R. §§] 404.976(b), 416.1476(b). The notice returning the additional evidence will explain why the Appeals Council did not accept the evidence and inform you that, under certain circumstances, we will consider the date you filed the request for Appeals Council review as the filing date for your new claim. If you originally filed for disability benefits under title II, and you file a new application for title II disability benefits within six months of the date of this notice, we will use the date of your request for Appeals Council review as the filing date.

SSR 11-1p, 2011 WL 3962767 (July 28, 2011).

As the Commissioner points out, the Appeals Council did not find that the evidence was not chronologically relevant. (Doc. 21, p. 11; Tr. 2). Instead, it found that the evidence did not show a reasonable probability that it would change the outcome of the decision. (Tr. 2). Thus, SSR 11-1p does not appear to apply and the Appeals Council was not required to send the requisite notice under this Rule.

Alternatively, the Commission argues that even if the Appeals Council found the evidence not chronologically relevant, "whether Plaintiff's subsequent application has been afforded the proper protective application date per SSR-11-p is not subject to this Court's review." (Doc. 21, p. 11). The Commissioner contends that Plaintiff has not exhausted her administrative remedies for the subsequent application because, according to Plaintiff, her application is currently pending appeal before the agency. (Doc. 21, p. 11).

Accepting Plaintiff's statement that the appeal of her subsequent August 2020 claim remains pending appeal, Plaintiff has not shown that she exhausted her administrative remedies for that subsequent application. *See* 20 C.F.R. 422.210 ("A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.").

The Court finds that SSR 11-1p does not apply or, alternatively, if it should apply, then whether Plaintiff's subsequent application has been afforded the proper protective application date under SSR 11-1p is not subject to judicial review because Plaintiff has not exhausted her administrative remedies as to this issue.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2021.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties